# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS LAMBERIS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | No. 1:17-cv-05678 |
| | Judge Jorge Alonso |
| QUOTEWIZARD.COM, a Delaware limited liability company, | Magistrate Judge Sheila Finnegan |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS

# TABLE OF CONTENTS

**Page**

I. CORE ALLEGATIONS ............................................................................................. 1

II. ARGUMENT .......................................................................................................... 2

    A. Striking the class allegations at the pleadings stage is appropriate ....................... 2

    B. Plaintiff has pled an impermissible fail-safe class .................................................. 4

    C. Plaintiff cannot demonstrate commonality ............................................................. 6

    D. Plaintiff cannot demonstrate typicality ................................................................... 7

    E. Plaintiff cannot demonstrate adequacy ................................................................... 9

    F. Plaintiff cannot demonstrate predominance ......................................................... 10

    G. Plaintiff cannot demonstrate superiority .............................................................. 11

III. CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alqaq v. CitiMortgage, Inc.*,
   2014 WL 1689685 (N.D. Ill. Apr. 29, 2014) ............................................................... 3

*Amchem Prods. Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................................... 10

*Andrews v. Chevy Chase Bank*,
   545 F.3d 570 (7th Cir. 2008) ..................................................................................... 11

*Bates v. Bankers Life & Cas. Co.*,
   993 F. Supp. 2d 1318 (D. Or. 2014) ............................................................................ 3

*Becnel v. Mercedes-Benz USA, LLC*,
   2014 WL 2506506 (E.D. La. June 3, 2014) ................................................................. 3

*Blihovde v. St. Croix County, Wis.*,
   219 F.R.D. 607 (W.D. Wis. 2003) ............................................................................... 3

*Boyer v. Diversified Consultants, Inc.*,
   306 F.R.D. 536 (E.D. Mich. 2015) .............................................................................. 5

*Dafforn v. Rousseau Associates, Inc.*,
   1976 WL 1358 (N.D. Ind. July 27, 1976) .................................................................. 10

*Durocher v. NCAA*,
   2015 WL 1505675 (S.D. Ind. Mar. 31, 2015) .............................................................. 3

*Equal Rights Ctr. v. Kohl's Corp.*,
   2015 WL 3505179 (N.D. Ill. June 3, 2015) ................................................................. 3

*Eubank v. Pella Corp.*,
   753 F.3d 718 (7th Cir. Ill. 2014) (Posner, J.) ............................................................. 10

*Genenbacher v. Centurytel Fiber Co. II, LLC*,
   244 F.R.D. 485 (C.D. Ill. 2007) ................................................................................... 5

*General Telephone Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982) ..................................................................................................... 2

*Harper v. Sheriff of Cook County*,
   581 F. 3d 511 (7th Cir. 2009) ...................................................................................... 4

*Hill v. Wells Fargo Bank, N.A.*,
 946 F. Supp. 2d 817 (N.D. Ill. 2013) ...................................................................................2

*Hovsepian v. Apple, Inc.*,
 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ......................................................................2

*John v. National Sec. Fire and Cas. Co.*,
 501 F.3d 443 (5th Cir. 2007) ................................................................................................2

*Kim v. Sussman*,
 2004 WL 3135348 (Ill. Cir. Ct. 2004) .................................................................................12

*King v. Capital One Bank (USA), N.A.*,
 2012 WL 5570624 (W.D. Va. Nov. 15, 2012) ................................................................8, 10

*Kohen v. Pacific Inv. Management Co. LLC*,
 571 F.3d 672 (7th Cir. 2009) ................................................................................................7

*Labou v. Cellco Partnership*,
 2014 WL 824225 (E.D. Cal. March 3, 2014) .......................................................................3

*Lee v. Children's Place Retail Stores, Inc.*,
 2014 WL 5100608 (N.D. Ill. Oct. 8, 2014)...........................................................................3

*Lemon v. International Union of Operating Engineers, Local No. 139, AFL-CIO*,
 216 F.3d 577 (7th Cir. 2000) ................................................................................................4

*Lindsay Transmission, LLC v. Office Depot, Inc.*,
 2013 WL 275568 (E.D. Mo. Jan. 24, 2013) .........................................................................5

*Lipton v. Chattem, Inc.*,
 289 F.R.D. 456 (N.D. Ill. 2013).............................................................................9, 10, 11

*McCaster v. Darden Rests., Inc.*,
 845 F.3d 794 (7th Cir. 2017) .......................................................................................4, 5, 6

*Oshana v. Coca-Cola Co.*,
 472 F.3d 506 (7th Cir. 2006) ................................................................................................7

*Pastor v. State Farm Mut. Auto. Ins. Co.*,
 487 F.3d 1042 (7th Cir. 2007) ............................................................................................11

*Pilgrim v. Universal Health Card, LLC*,
 660 F.3d 943 (6th Cir. 2011) ................................................................................................2

*Pumputiena v. Deutsche Lufthansa, AG*,
 2017 WL 66823 (N.D. Ill. Jan. 6, 2017)...............................................................................2

*Randleman v. Fid. Nat'l Title Ins. Co.*,
 646 F.3d 347 (6th Cir. Ohio 2011) ...................................................................................5

*Royal Mile Co., Inc. v. UPMC*,
 40 F. Supp. 3d 552 (W.D. Pa. 2014) ..................................................................................3

*Ruiz v. Citibank, N.A.*,
 2015 WL 4629444 (S.D.N.Y. Aug. 4, 2015) ......................................................................5

*Sanders v. Apple Inc.*,
 672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................................3

*Sandoval v. Ali*,
 34 F. Supp. 3d 1031 (N.D. Cal. Mar. 28, 2014) .................................................................3

*Sauter v. CVS Pharmacy, Inc.*,
 2014 WL 1814076 (S.D. Ohio May 7, 2014) .................................................................3, 5

*Speers v. Pre-Employ.com*,
 2014 WL 2611259 (D. Ore. May 13, 2014) .......................................................................3

*Stearns v. Select Comfort Retail Corp.*,
 2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ......................................................................3

*Trunzo v. Citi Mortgage*,
 2014 WL 1317577 (W.D. Pa. Mar. 31, 2014) ....................................................................3

*Wal-Mart Stores, Inc. v. Dukes*,
 131 S. Ct. 2541 (2011) .....................................................................................................3, 6

*West Concord 5-10-1.00 Store, Inc. v. Interstate Mat Corp.*,
 2013 Mass. Super. LEXIS 22 (Sup. Ct. Mass. March 5, 2013) .........................................9

*Wooden v. Board of Regents of University System of Georgia*,
 247 F.3d 1262 (11th Cir. 2001) ..........................................................................................7

*Wright v. Mishawaka Hous. Auth.*,
 225 F. Supp. 3d 752 (N.D. Ind. 2016) ................................................................................3

**Statutes**

Telephone Consumer Protection Act, 47 U.S.C. § 227 ........................................................ *passim*

**Other Authorities**

137 Cong. Rec. S16205-06 (Nov. 7, 1991) ................................................................................12

Fed. R. Civ. P. 12(f) .....................................................................................................................2

Fed. R. Civ. P. 23 .................................................................................................................. *passim*

Court dockets nationwide are filled with putative class actions under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in which the plaintiffs' attorneys are attempting to apply the class action framework of Federal Rule of Civil Procedure 23 to inherently individual claims like those brought by plaintiff Nicholas Lamberis ("Plaintiff"). Courts often waste significant time and resources before reaching the conclusion that is obvious from the face of the complaints: Such cases oftentimes are simply not suitable for class certification. This Court should deny class certification and strike the class allegations in the First Amended Class Action Complaint (Docket Entry 22, the "FAC") now before further judicial and party resources are wasted in pursuit of what ultimately will be a futile effort to certify a class.

## I.     CORE ALLEGATIONS

Rather than repeat its summary of the case verbatim here, defendant QuoteWizard.com, Inc. ("QuoteWizard"), incorporates by reference the "Core Allegations" section of its contemporaneously filed Renewed Motion to Dismiss as if fully set forth herein. (Motion to Dismiss, at pp. 1-2).

Plaintiff purports to represent the following putative class:

> All persons within the United States who provided their cell phone number on Defendant's Quote Page and then received a non-emergency telephone call from Defendant, or any party acting on its behalf, to a cellular telephone through the use of an automated telephone dialing system or an artificial or prerecorded voice.

(FAC at ¶ 55).

## II. ARGUMENT

### A. Striking the class allegations at the pleadings stage is appropriate.

The Supreme Court has reasoned that class certification issues are sometimes "plain enough from the pleadings" that extensive discovery is not necessary to determine the merits of class certification. *See General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982). Courts in this Circuit and nationwide have denied class certification at the outset of a case (either through an outright denial or through an order striking class allegations) when the core issues can be determined without class discovery. *See, e.g., Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) ("[T]he court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23. Most often it will not be 'practicable' for the court to do that at the pleading stage, but sometimes the complaint will make it clear that class certification is inappropriate."); *Pumputiena v. Deutsche Lufthansa, AG*, 2017 WL 66823, *10 (N.D. Ill. Jan. 6, 2017) (finding that when a class "could not possibly be certified," it was "appropriate to strike those class allegations at the pleading stage"); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("The problem for the plaintiffs is that we cannot see how discovery or for that matter more time would have helped them. To this day, they do not explain what type of discovery or what type of factual development would alter the central defect in this class claim."); *John v. National Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (rejecting argument that dismissal of a class allegation on the pleadings is never proper and affirming order dismissing class allegations); *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, *2 (N.D. Cal. Dec. 17, 2009) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates

that a class action cannot be maintained.").[1] When, as here, the conclusion that the class cannot be certified can be drawn from the allegations in the FAC, the Court should not force QuoteWizard to engage in costly class discovery, only to reiterate these same arguments months from now. *See Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366, *14 (N.D. Cal. Dec. 4, 2009) ("[I]t is procedurally proper to strike futile class claims at the outset of litigation to preserve time and resources.").

When the defendant challenges the class allegations, it remains the plaintiff's burden to show that it has alleged facts sufficient to make out a certifiable class. *See Blihovde v. St. Croix County, Wis.*, 219 F.R.D. 607, 614 (W.D. Wis. 2003) (holding that a class certification determination can be made prior to the filing of a class certification motion by plaintiffs and that plaintiffs have the ultimate burden to show that class certification is appropriate on such a motion); *see also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Class actions under Fed. R. Civ. P. 23 are "exception[s] to a usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011). Rule 23(a) requires a plaintiff to establish numerosity, commonality, typicality, and adequate representation; these requirements "limit the class claims to those fairly encompassed by the named plaintiffs' claims." *Id.* (quotations omitted).

---

[1] *See also Wright v. Mishawaka Hous. Auth.*, 225 F. Supp. 3d 752, 761 (N.D. Ind. 2016); *Equal Rights Ctr. v. Kohl's Corp.,* 2015 WL 3505179, *5 (N.D. Ill. June 3, 2015); *Durocher v. NCAA,* 2015 WL 1505675, *13 (S.D. Ind. Mar. 31, 2015); *Lee v. Children's Place Retail Stores, Inc.*, 2014 WL 5100608, *6 (N.D. Ill. Oct. 8, 2014); *Alqaq v. CitiMortgage, Inc.*, 2014 WL 1689685, *5 (N.D. Ill. Apr. 29, 2014); *Becnel v. Mercedes-Benz USA, LLC*, 2014 WL 2506506, *3 (E.D. La. June 3, 2014); *Speers v. Pre-Employ.com*, 2014 WL 2611259, *10 (D. Ore. May 13, 2014); *Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076, *9 (S.D. Ohio May 7, 2014); *Royal Mile Co., Inc. v. UPMC*, 40 F. Supp. 3d 552, 591 (W.D. Pa. 2014); *Labou v. Cellco Partnership,* 2014 WL 824225, *6 (E.D. Cal. March 3, 2014); *Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1340 (D. Or. 2014); *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1048 (N.D. Cal. Mar. 28, 2014); *Trunzo v. Citi Mortgage*, 2014 WL 1317577, *21 (W.D. Pa. Mar. 31, 2014).

One of the requirements of Rule 23(b) must also be met. Although Plaintiff has not asserted which portion of Rule 23(b) he is attempting to invoke, certification should be evaluated under Rule 23(b)(3) where, as here, plaintiffs seek money damages that are more than incidental to equitable relief. *Lemon v. International Union of Operating Engineers, Local No. 139, AFL-CIO*, 216 F.3d 577, 581 (7th Cir. 2000). Failure to meet any of Rule 23's requirements precludes class certification. *Harper v. Sheriff of Cook County*, 581 F. 3d 511, 513 (7th Cir. 2009).

Here, it is appropriate to strike the class allegations because it is clear on the face of the FAC that (1) Plaintiff has pled an impermissible fail-safe class, (2) Plaintiff cannot demonstrate commonality, (3) Plaintiff cannot demonstrate typicality, (4) Plaintiff cannot demonstrate adequacy, (5) Plaintiff cannot demonstrate predominance, and (6) Plaintiff cannot demonstrate superiority.[2]

### B.  Plaintiff has pled an impermissible fail-safe class.

"A case cannot proceed as a class action if the Plaintiff seeks to represent a so-called fail-safe class — that is, a class that 'is defined so that whether a person qualifies as a member depends on whether the person has a valid claim.'" *McCaster v. Darden Rests., Inc.*, 845 F.3d 794, 799 (7th Cir. 2017). That is precisely what Plaintiff attempts to do here, and the Court should strike Plaintiff's proposed class definition because it is an improper fail-safe class.

By making class membership contingent upon whether the putative class member was called using "an automated telephone dialing system or an artificial or prerecorded voice" (FAC ¶ 54), Plaintiff pleads an impermissible fail-safe class — that is, "a class that 'is defined so that whether a person qualifies as a member depends on whether the person has a valid claim.'" *McCaster*, 845 F.3d at 799. "A fail-safe class is impermissible because 'a class member either

---

[2] By not addressing numerosity, QuoteWizard does not concede that element, only that it is not apparent on the face of the FAC.

4

wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment.'" *Id.*

In *McCaster*, the Seventh Circuit upheld the district court's decision to deny certification of a class definition that turned on whether the putative class members had valid claims. *Id.* When an individualized merits-based determination is required to ascertain class membership, federal courts have treated this as a failure to define a sufficiently identifiable class, a failure to meet the "commonality" requirement, and a failure to meet the predominance requirement. *See Lindsay Transmission, LLC v. Office Depot, Inc.,* 2013 WL 275568 (E.D. Mo. Jan. 24, 2013); *Sauter*, 2014 WL 1814076 at *9 (finding that conditioning class membership in a TCPA case on consent made the proposed class a fail-safe class and striking class allegations); *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 540 (E.D. Mich. 2015) (same); *Ruiz v. Citibank, N.A.*, 2015 WL 4629444, *5 (S.D.N.Y. Aug. 4, 2015) (declining to reconsider denial of class certification and noting plaintiff could not modify class definition without creating an improper fail-safe class); *Randleman v. Fid. Nat'l Title Ins. Co.,* 646 F.3d 347, 352 (6th Cir. Ohio 2011) (affirming denial of class certification where the proposed class was a fail-safe class); *Genenbacher v. Centurytel Fiber Co. II, LLC*, 244 F.R.D. 485, 488 (C.D. Ill. 2007) (denying certification of a fail-safe class).

*Lindsay Transmission* involved a putative class definition in a TCPA fax case. 2013 WL 275568 at *5. The problem identified by the court was that "the proposed class includes only those persons to whom defendant sent faxes without prior consent and with whom defendant did not have an established business relationship. Thus, the proposed class consists solely of persons who can establish that defendant violated the TCPA." *Id.* at *4; *see also Sauter,* 2014 WL 1814076 at *9 . Similarly, in this case, Plaintiff's proposed class consists only of those persons

5

to whom QuoteWizard made calls using an automatic telephone dialing system ("ATDS") or a pre-recorded or automatic voice. This is a core element of Plaintiff's TCPA claim — class membership can only be known after a determination of liability, rigging the system so that the putative class members either win or they are not members of the class. This is the very definition of a fail-safe class and it is inappropriate. Accordingly, the Court should deny class certification and strike the class definition in the FAC as an improper fail-safe class.

### C. Plaintiff cannot demonstrate commonality.

Even if the class proposed by Plaintiff was not a fail-safe class, it still fails to satisfy the elements of Rule 23. Under Rule 23(a), there must be "questions of law or fact common to the class." The FAC suggests that commonality exists simply because the putative class members might have similar claims against QuoteWizard under the TCPA — the list of "common questions" is little more than a recitation of the elements of Plaintiff's TCPA claims. (FAC, ¶ 65). But a common question of law "does not mean merely that [the class members] have all suffered a violation of the same provision of law." *Dukes*, 131 S. Ct. at 2551. Rather, the claim must depend on a "common contention" that is "capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "What matters to class certification . . . is not the raising of common 'questions' — even in droves — but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis in original); *see also McCaster*, 845 F.3d at 800 ("[Plaintiffs] must show that the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members.").

In this case, there is no commonality because each individual class member's claim would turn on whether he or she opted into the term on the QuoteWizard Web site and whether he or she was called using an ATDS. The Court would need to do an individualized inquiry into

whether each individual consented to the terms. Moreover, given Plaintiff's admission that the Web site contemplated "marketing and re-marketing partners, and up to eight insurance companies or their agents or partner companies" (FAC ¶ 34), the Court would need to do an individualized analysis of who called each putative class member and whether the dialing system used was an ATDS. There are no "common" answers to these questions because there is no uniform way to analyze them on a classwide basis. Accordingly, Plaintiff cannot demonstrate commonality and the class allegations should be stricken.

### D. Plaintiff cannot demonstrate typicality.

A class representative must also have a claim that is typical of the other class members. "Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims 'have the same essential characteristics as the claims of the class at large.'" *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 514 (7th Cir. 2006). Typicality includes individual standing — "[b]efore a class is certified . . . the named plaintiff must have standing." *Kohen v. Pacific Inv. Management Co. LLC*, 571 F.3d 672, 676 (7th Cir. 2009); *see also Wooden v. Board of Regents of University System of Georgia*, 247 F.3d 1262, 1287 (11th Cir. 2001) ("[T]here cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims of the class.").

As set forth in the dismissal memorandum filed by QuoteWizard contemporaneously with this brief, Plaintiff has failed to sufficiently plead Article III standing because he has not alleged that he suffered a concrete or particularized injury. In fact, the allegations in the FAC demonstrate that Plaintiff was not harmed at all because he voluntarily provided his information to QuoteWizard on the Web site and he was called in response. Thus, Plaintiff has not adequately pled that he has Article III standing and therefore, he cannot demonstrate typicality.

Moreover, Plaintiff cannot be typical of a class consisting of "[a]ll persons within the United States who provided their cell phone number on Defendant's Quote Page" (FAC ¶ 54) because some (if not all) of the individuals consented to the application of the terms and conditions set forth below the "Find Discounts & Check Rates" button. (FAC ¶ 34). Plaintiff alleges that he did not consent to this language. (FAC ¶ 49). Thus, he obviously cannot be typical of the individuals who *did* consent. The Court also cannot certify a class of individuals asserting a claim against QuoteWizard who allege that they did not agree to the terms because that would require an individualized inquiry into the facts of each putative class member's experience and state of mind.

*King v. Capital One Bank (USA), N.A.*, 2012 WL 5570624 (W.D. Va. Nov. 15, 2012), should assist the Court's analysis of this issue. In *King*, the plaintiff filed a putative class action and the defendants moved to dismiss and compel arbitration, or alternatively, strike the class allegations, arguing that plaintiff had agreed to an arbitration provision and class action waiver. *Id.* at *2. The court held that "regardless of whether Plaintiff signed the Client Agreement with [Defendants] or not, she cannot proceed in this Court on a class basis. If she did sign the Agreement, the class action waiver contained in the arbitration clause precludes her from participating in any class action. If she did not sign the Agreement, her unique situation renders her unable to satisfy Federal Rule of Civil Procedure 23's prerequisites for bringing a class action." *Id.* at *4. The court correctly noted that if the plaintiff did not sign the agreement, "surely she cannot represent anyone who did sign it, either on paper or electronically. Such individuals would be bound by the express terms of their agreements with [Defendants] to arbitrate their claims. Plaintiff could not fairly and adequately represent in this Court the interests of individuals who are bound to pursue their claims in arbitration." *Id.* at *14. The

Court should apply the same reasoning here to deny class certification and strike all class allegations from the FAC.

### E. Plaintiff cannot demonstrate adequacy.

A case cannot proceed as a class action unless "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This applies to both the class representative and to counsel. *See Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 462 (N.D. Ill. 2013). As set forth above, Plaintiff is an atypical member of the putative class both because he lacks Article III standing and because the proposed class includes individuals who consented to receive calls by accepting the applicable terms. Accordingly, Plaintiff is not an adequate class representative because "[t]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." *Id.* at 459. "The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer." *Id*. Because of the defenses unique to Plaintiff, he is not an adequate class representative.

As for Plaintiff's counsel, it is "inescapable that these class actions exist for the benefit of the attorneys who are bringing them and not for the benefit of individuals who are truly aggrieved." *West Concord 5-10-1.00 Store, Inc. v. Interstate Mat Corp.*, 2013 Mass. Super. LEXIS 22, *19-*20 (Sup. Ct. Mass. March 5, 2013). Renowned Northwestern University law professor Martin Redish has explained the relationship between plaintiffs' counsel and these cases as follows:

> In effect, the promise of substantial attorneys' fees provides the class lawyers with a private economic incentive to discover violations of existing legal restrictions on corporate behavior. Thus, what purports to be a class action, brought primarily to enforce private individuals' substantive rights to

compensatory relief, in reality amounts to little more than private attorneys acting as bounty hunters. . . .

Martin H. Redish, *Wholesale Justice: Democracy and the Problem of the Class Action Lawsuit* (Stanford Books 2009), at p. 24.[3] Because the TCPA has no "bounty hunter" provision and class counsel likely filed this lawsuit because they were driven by private economic incentives, the Court should find that adequacy is lacking and strike the class allegations.

### F. Plaintiff cannot demonstrate predominance.

To demonstrate predominance, Plaintiff must establish that "questions of law or fact common to the class members predominate over any question affecting only individual members." Fed. R. Civ. P. 23(b)(3). The Supreme Court has held that although the predominance requirement of Rule 23(b)(3) overlaps in some ways with the commonality requirement of Rule 23(a), it is "far more demanding" because it "tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).

Matters such as whether each class member consented to the terms and whether each class member has Article III standing "can be resolved only on an individual basis." *Lipton*, 289 F.R.D. at 462; *see also Dafforn v. Rousseau Associates, Inc.*, 1976 WL 1358, *3 (N.D. Ind. July 27, 1976) ("[W]here individual inquiry must be made of each class member to determine, *ab initio*, the requisite injury in fact, then common questions no longer predominate."); *King, e.g.*, 2012 WL 5570624 at *14 (striking class allegations where "[f]or each class member, the factfinder would have to decide whether the facts in that individual's case show that he or she did not sign the Client Agreement and therefore is not bound by the arbitration clause"). "Certification under Rule 23(b)(3) is 'not appropriate for resolving such highly individualized

---

[3] This work has been cited favorably in this Circuit. *See Eubank v. Pella Corp.*, 753 F.3d 718, 719 (7th Cir. Ill. 2014) (Posner, J.) (citing Redish on the abuse of the class action mechanism).

questions of fact.'" *Lipton*, 289 F.R.D. at 462. Here, the Court would be required to make an individual inquiry to determine whether each putative class member consented to the terms on the QuoteWizard Web site, whether each class member suffered a concrete and particularized injury sufficient to confer Article III standing, whether each class member was called by QuoteWizard, and whether each class member was called using an ATDS. Accordingly, Plaintiff will not be able to meet the predominance requirement and all class allegations should be stricken.

### G. Plaintiff cannot demonstrate superiority.

Superiority exists when "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Because individual issues predominate, a class action is not superior to other methods of adjudicating Plaintiff's claims. *See Lipton*, 289 F.R.D. at 463. To determine the individual factual issues that bear on liability, it would be necessary (assuming Plaintiff is correct about the number of class members) to conduct thousands (or even millions) of mini-trials. (FAC ¶ 57). "[W]hen a separate evidentiary hearing is required for each class member's claim, the aggregate expense may, if each claim is very small, swamp the benefits of class-action treatment." *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007); *see also Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008) ("If the class certification only serves to give rise to hundreds or thousands of individual proceedings . . . it is hard to see how common issues predominate or how a class action would be the superior means to adjudicate the claims.").

Because individualized inquiries into the factual issues bearing on liability would be necessary, small claims court, not the federal judiciary, is the superior method for adjudicating claims such as the one raised by Plaintiff. The rather astronomical statutory damage amounts of $500 per incident for negligent behavior and $1,500 per incident for willful behavior, 47 U.S.C.

11

§ 227(b)(3), are sufficient incentive for TCPA plaintiffs to bring their claims in small claims court without also providing plaintiffs the benefit of the class certification vehicle. *See* 137 Cong. Rec. S16205-06 (Nov. 7, 1991). As Senator Hollings noted in the TCPA legislative history:

> The . . . private right-of-action provision . . . will make it easier for consumers to recover damages from receiving these computerized calls. The provision would allow consumers to bring an action in State court against any entity that violates the bill. . . . It is my hope that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court.

*Id.*; *see also Kim v. Sussman*, 2004 WL 3135348 (Ill. Cir. Ct. 2004).

The *Sussman* court reasoned similarly in denying class certification of a TCPA lawsuit under Illinois' class action prerequisites (which are analogous to the federal requirements):

> Given the statutory framework of plaintiff's claims, the Court strongly believes that a class action is not an appropriate method for the "fair and efficient" adjudication of this controversy. As noted above, in enacting the TCPA, Congress expressly struck a balance that was designed to be fair both to the recipient and the sender of the facsimile. Congress believed that allowing an individual to file an action in small claims court to redress the nuisance of unsolicited faxes and to recover a minimum of $500 in damages was adequate incentive to address what is at most, a minor intrusion into an individual's life. Congress added harsher penalties for chronic or willful violators in the form of actions in federal court by the various state attorneys general, in which the potential for substantial award of damages exists. To engraft on this statutory scheme the possibility of private class actions, with potential recoveries in the millions of dollars, strikes the Court as unfair given the nature of the harm Congress attempted to redress in the TCPA.

*Id.* at *2. The Court should adopt similar logic in holding that a class action is not the superior method of adjudicating this claim and strike the class allegations.

## III. CONCLUSION

For the foregoing reasons, if the Court does not grant QuoteWizard's motion to dismiss or motion to stay, it should enter an order striking the class allegations, which are facially defective.

Respectfully submitted,

QUOTEWIZARD.COM, LLC

By:   /s/ Blaine C. Kimrey
      One of its attorneys

Blaine C. Kimrey
Bryan K. Clark
Madeline V. Tzall
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500

Dated: November 21, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2017, a copy of the foregoing was electronically filed in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ Blaine C. Kimrey