**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS LAMBERIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, a Delaware limited liability company,<br><br>    Defendant. | No. 1:17-cv-05678<br><br>Judge Jorge Alonso<br><br>Magistrate Judge Sheila Finnegan |

**MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS**


**TABLE OF CONTENTS**

                                                                   **Page**

I.     CORE ALLEGATIONS ................................................................................................ 1

II.    ARGUMENT ................................................................................................................ 3

        A.     This matter should be dismissed for failure to adequately plead personal jurisdiction ......................................................................................................... 3

        B.     This matter should be dismissed for failure to plead a viable cause of action ................................................................................................................. 8

        C.     This matter should be dismissed for failure to plead injury in fact ...................... 12

III.   CONCLUSION ........................................................................................................... 14

Case: 1:17-cv-05678 Document #: 32 Filed: 11/21/17 Page 2 of 20 PageID #:705

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abbas v. Selling Source, LLC*,
   2009 WL 4884471 (N.D. Ill. Dec. 14, 2009) ......................................................................... 10

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
   751 F.3d 796 (7th Cir. 2014) ............................................................................................. 3, 4, 5, 7

*Afi Holdings of Ill., Inc. v. NBC*,
   239 F. Supp. 3d 1097 (N.D. Ill. Mar. 9, 2017) ......................................................................... 7

*Ananthapadmanabhan v. BSI Fin. Servs.*,
   2015 WL 8780579 (N.D. Ill. Dec. 15, 2015) .......................................................................... 10

*Appert v. Morgan Stanley Dean Witter, Inc.*,
   673 F.3d 609 (7th Cir. 2012) .................................................................................................. 9

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
   480 U.S. 102 (1987) ................................................................................................................ 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 9

*Bittman v. Fox*,
   2016 WL 2851566 (N.D. Ill. May 16, 2016) ........................................................................... 7

*Bonnano v. New Penn Fin.*,
   2017 U.S. Dist. LEXIS 118407 (M.D. Fla. July 28, 2017) .................................................... 10

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ................................................................................................................ 8

*Cantu v. Platinum Mktg. Grp., LLC*,
   2015 U.S. Dist. LEXIS 90824 (S.D. Tex. July 13, 2015) ........................................................ 6

*Cook Assocs., Inc. v. E.G. Snyder Co.*,
   1988 WL 139258 (N.D. Ill. Dec. 22, 1988) ............................................................................ 3

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ........................................................................................................... 3, 4

*Dobrowolski v. Intelius, Inc.*,
    2017 WL 3720170 (N.D. Ill. Aug. 29, 2017) ....................................................................3, 7

*Douek v. Bank of Am. Corp.*,
    2017 WL 4882492 (D.N.J. Oct. 30, 2017)...................................................................9, 10, 11

*Duguid v. Facebook, Inc.*,
    2016 WL 1169365 (N.D. Cal. March 24, 2016).....................................................................11

*E.E.O.C. v. Concentra Health Serv., Inc.*,
    496 F.3d 773 (7th Cir. 2007) ..................................................................................................9

*Fisher v. Chaston*,
    1995 WL 571400 (N.D. Ill. Sept. 25, 1995) ...........................................................................5

*Green v. United States*,
    2016 WL 6248281 (S.D. Ill. Oct. 26, 2016) ...........................................................................6

*Gullen v. Facebook.com, Inc.*,
    2016 WL 245910 (N.D. Ill. Jan. 21, 2016) .........................................................................4, 7

*Hanley v. Green Tree Servicing, LLC*,
    934 F. Supp. 2d 977 (N.D. Ill. 2013) ......................................................................................9

*Ibey v. Taco Bell Corp.*,
    2012 WL 2401972 (S.D. Cal. June 18, 2012).......................................................................11

*Kipp v. SKI Enter. Corp.*,
    783 F.3d 695 (7th Cir. 2015) ..................................................................................................4

*Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*,
    2016 WL 6143075 (W.D. La. Oct. 19, 2016).......................................................................13

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)..............................................................................................................12

*Martin v. Direct Wines, Inc.*,
    2015 WL 4148704 (N.D. Ill. July 9, 2015) (Alonso, J.) ........................................................9

*Mi-Jack Sys. & Tech., LLC v. Babaco Alarm Sys.*,
    2013 WL 6131476 (N.D. Ill. Nov. 20, 2013) .........................................................................3

*RAR, Inc. v. Turner Diesel, Ltd.*,
    107 F.3d 1272 (7th Cir. 1997) ................................................................................................3

*Romero v. Dep't Stores Nat'l Bank* 199
    F. Supp. 3d 1256 (S.D. Cal. 2016)..................................................................................12, 13

*Sartin v. EKF Diagnostics, Inc.*,
    2016 WL 3598297 (E.D. La. July 5, 2016) ................................................................13

*Smith v. Aitima Med. Equip., Inc.*,
    2016 WL 4618780 (C.D. Cal. July 29, 2016) ............................................................13

*Snyder v. Perry*,
    2015 U.S. Dist. LEXIS 34499 (E.D.N.Y. Feb. 4, 2015) ............................................10

*Sojka v. Loyalty Media LLC*,
    2015 WL 2444506 (N.D. Ill. May 20, 2015) ...............................................................6

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) .............................................................................................12

*Steel Warehouse of Wisconsin, Inc. v. Leach*,
    154 F.3d 712 (7th Cir. 1998) ......................................................................................3

*Supply Pro Sorbents, LLC v. RingCentral, Inc.*,
    2016 WL 5870111 (N.D. Cal. Oct. 7, 2016) .............................................................13

*Tamburo v. Dworkin*,
    601 F.3d 693 (7th Cir. 2010) ..................................................................................3, 4

*Trenk v. Bank of Am.*,
    2017 WL 4170351 (D.N.J. Sept. 30, 2017) ...........................................................9, 11

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ............................................................................................4, 5

*Weisberg v. Stripe, Inc.*,
    2016 WL 3971296 (N.D. Cal. July 25, 2016) ...........................................................10

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. § 1681e ....................................................................12

Telephone Consumer Protection Act, 47 U.S.C. § 227 ................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ..............................................................................................1, 12, 14

Fed. R. Civ. P. 12(b)(2) ................................................................................................1, 3, 14

Fed. R. Civ. P. 12(b)(6) ........................................................................................1, 9, 12, 14

In his First Amended Class Action Complaint (Docket Entry 22, the "FAC"), plaintiff Nicholas Lamberis ("Plaintiff") has attempted to plead around the problems with his original complaint (Docket Entry 1, the "Complaint"). But Plaintiff's allegations are still inadequate to establish personal jurisdiction or state a claim upon which relief can be granted. Although Plaintiff has now alleged a smattering of facts to support his claim that defendant QuoteWizard.com ("QuoteWizard") made at least one of the telephone calls that he allegedly received, he has not adequately pled personal jurisdiction over QuoteWizard, nor has he adequately alleged facts to plausibly suggest that QuoteWizard used an automatic telephone dialing system ("ATDS"), as that term is defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), to make calls to Plaintiff. Plaintiff's failure to adequately plead therefore subjects the FAC to dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), for lack of personal jurisdiction and failure to state a claim.

Moreover, allegations in the FAC demonstrate that Plaintiff has not suffered any injury in fact. Plaintiff alleges only that he was contacted by QuoteWizard immediately after he submitted an online form asking to be contacted about insurance quotes. Far from being injured, Plaintiff received precisely the response that he had requested. He therefore lacks Article III standing, and the Court lacks subject-mature jurisdiction under Fed. R. Civ. P. 12(b)(1).

## I. CORE ALLEGATIONS

Plaintiff alleges that he visited QuoteWizard's Web site and filled out a form to obtain car insurance quotes, and included his cell phone number. (FAC ¶¶ 42-43). QuoteWizard connects consumers with insurance quotes that they search for online. (*Id.* at ¶ 3). Plaintiff does not dispute that beneath the "Find Discounts & Check Rates" button (which he clicked), there was an authorization statement informing the consumer that by clicking the button, he was

>expressly authorizing telemarketing calls from this website, our marketing and re-marketing partners, and up to eight insurance companies or their agents or partner companies at the phone number, including wireless numbers, and address provided, in order to deliver insurance quotes or to obtain additional information for such purpose, via live, pre-recorded or auto-dialed calls. . . .

(*Id*. at ¶ 34). After submitting the form online, Plaintiff allegedly received six calls from three phone numbers, which he attributes to QuoteWizard. (*Id*. at ¶ 44). Other than referring to receiving six calls "on or about July 11, 2017" and some calls thereafter, Plaintiff does not allege when any calls were made, nor does he identify the people who allegedly called him, other than asserting that during the first call, the individual on the line said he was associated with QuoteWizard. (*Id.* at ¶¶ 44-48). Plaintiff also alleges that QuoteWizard used an ATDS, *id.* at ¶¶ 3, 66, which Plaintiff attempts to support by stating that (1) "upon answering the first call, there was a pause before Plaintiff was connected with the QuoteWizard representative," (2) "he received a phone call immediately after he clicked the 'Find Discounts & Check Rates' button as if clicking that button triggered the phone call," (3) "he received so many phone calls in such a short period of time that the only logical conclusion is that they were placed with an autodialer," and (4) "when a person calls back the (888) phone number identified in Paragraph 44 of this Complaint, a prerecorded message is played back." (*Id.* at ¶ 47).

Plaintiff alleges that he did not see the authorization statement, thus he never consented to calls by QuoteWizard to his cell phone. (*Id.* at ¶¶ 4-5, 49). According to Plaintiff, his failure to read the terms of the authorization statement gives rise to a claim under the TCPA. (*Id.* at ¶¶ 16, 40). Plaintiff also purports to represent the following putative class:

>All persons within the United States who provided their cell phone number on Defendant's Quote Page and then received a non-emergency telephone call from Defendant, or any party acting on its behalf, to a cellular telephone through the use of an automated telephone dialing system or an artificial or prerecorded voice.

(*Id.* at ¶ 55).

2

**II.     ARGUMENT**

    **A.     This matter should be dismissed for failure to adequately plead personal jurisdiction.**

As an initial matter, the FAC should be dismissed because Plaintiff has failed to adequately plead personal jurisdiction.[1] When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *See, e.g., Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). If in the face of a Rule 12(b)(2) challenge a plaintiff cannot establish a *prima facie* case of personal jurisdiction, then the court may dismiss the case for lack of personal jurisdiction based solely on written materials submitted to the court. *See, e.g., Mi-Jack Sys. & Tech., LLC v. Babaco Alarm Sys.,* 2013 WL 6131476, *1 (N.D. Ill. Nov. 20, 2013) (dismissing case for lack of personal jurisdiction without evidentiary hearing). Conclusory allegations of personal jurisdiction are insufficient to withstand a challenge. *See, e.g., Cook Assocs., Inc. v. E.G. Snyder Co.*, 1988 WL 139258, *3 (N.D. Ill. Dec. 22, 1988); *see also Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *Dobrowolski v. Intelius, Inc.,* 2017 WL 3720170, *2 (N.D. Ill. Aug. 29, 2017).

There are two types of jurisdiction: general and specific. *See, e.g., Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (relying on *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)). Plaintiff does not specify which he is asserting, but neither has been adequately pled. General jurisdiction requires that a defendant essentially be "at home" in the forum state and is extremely difficult to show for any state that is not a

---

[1] Based on QuoteWizard's motion to dismiss or, alternatively, to stay related to the original Complaint, the Court "stay[ed] participation in the Mandatory Initial Discovery Pilot ['MIDP'] program in this case until ruling on the motion to dismiss. The date for the Defendant to answer or otherwise plead is stricken until further court order." (Docket Entry 21). QuoteWizard requests the same relief with respect to this motion.

3

principal place of business or state of incorporation. *See, e.g., Advanced Tactical*, 751 F.3d at 800; *see also Kipp v. SKI Enter. Corp.*, 783 F.3d 695, 698 (7th Cir. 2015) (reasoning that under the *Daimler* standard, a corporate defendant is generally subject to general jurisdiction only in "the state of [its] principal place of business and the state of its incorporation"). As alleged by Plaintiff, QuoteWizard is a Washington-based company registered in Delaware. (FAC ¶ 13). As such, QuoteWizard is not subject to general jurisdiction in Illinois, and Plaintiff has not pled anything to the contrary.

Specific jurisdiction focuses on the relations among the defendant, the forum, and the litigation. *See, e.g., Advanced Tactical*, 751 F.3d at 801. An alleged effect on a plaintiff in the forum does not support the exercise of jurisdiction over a defendant. *Id.* The relationship between the defendant and the forum must arise out of contacts that the ***defendant itself*** creates with the forum. *Id.* Contacts between the plaintiff or third parties and the forum do not create personal jurisdiction over a defendant. *Id*. (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014)). Specific jurisdiction focuses on (1) intentional conduct by defendant, (2) expressly aimed at the forum state, (3) with the defendant's knowledge that the effects would be felt (in other words, that the plaintiff would be injured) in the forum state. *Gullen v. Facebook.com, Inc.*, 2016 WL 245910, *3 (N.D. Ill. Jan. 21, 2016) (citing *Tamburo*, 601 F.3d at 703).

The foundational element for the personal jurisdiction analysis is whether there is a factual nexus with the state of Illinois sufficient to establish personal jurisdiction. In his original Complaint, Plaintiff failed to allege any facts about the calls he allegedly received to plausibly suggest that they were made by QuoteWizard (*see* Compl. ¶¶ 22-23, 44). Plaintiff has attempted to solve this problem in the FAC by adding the following three allegations:

- "[M]any of the calls placed by QuoteWizard came from telephone numbers using the (630) area code, which is an Illinois area code. Therefore, QuoteWizard made telephone calls from Illinois to citizens of Illinois, including Plaintiff." (FAC ¶ 10).

- "Plaintiff believes that QuoteWizard is responsible for all of the autodialed telemarketing calls because, upon answering the first phone call that was placed after he filled out the Quote Page, Plaintiff spoke with a representative at QuoteWizard." (FAC ¶ 43).

- "The QuoteWizard representative informed Plaintiff that QuoteWizard was calling him because he filled out the Quote Page. The QuoteWizard representative asked Plaintiff if he was interested in purchasing auto insurance and informed Plaintiff that, if he was interested, QuoteWizard could assist him." (FAC ¶ 44).

These new allegations are not enough to overcome Plaintiff's burden of pleading personal jurisdiction. Personal jurisdiction, if it exists, must be based on *QuoteWizard's* contacts with the state of Illinois. The only possible "contacts" set forth in the Complaint are the phone calls allegedly made to Plaintiff *that were made in direct response to Plaintiff's initial outreach*.

It is not enough for Plaintiff to simply allege that QuoteWizard had contacts with Illinois residents: "[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State. . . . [O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (emphasis in original); *see also Advanced Tactical Ordnance Sys., LLC,* 751 F.3d at 801-02 ("The 'mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.' . . . [A]fter *Walden* there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum.'") (internal citations omitted). The FAC does not allege any facts to show that QuoteWizard engaged in any contacts with the state of Illinois other than returning calls to Illinois residents who voluntarily visited the QuoteWizard Web site and asked to be called. *See, e.g., Fisher v. Chaston,* 1995 WL 571400, *6 (N.D. Ill. Sept. 25, 1995) (telephone calls "to an Illinois plaintiff are not sufficient, by themselves, to constitute the transaction of

5

business required by the Illinois long-arm statute"); *Green v. United States*, 2016 WL 6248281, *9 (S.D. Ill. Oct. 26, 2016) (holding that a phone call does not amount to minimum contacts).

Moreover, the mere allegation that Plaintiff received calls from phone numbers with a 630 area code does not mean that QuoteWizard made those calls. Plaintiff alleges that "upon answering the ***first phone call*** that was placed after he filled out the Quote Page, Plaintiff spoke with a representative at QuoteWizard." (FAC ¶ 43) (emphasis added). But he does not allege that the first call was from a 630 number — only that "many of the calls" he received were from the area code. (FAC ¶ 10). Given Plaintiff opted in to receiving calls from QuoteWizard's "marketing and re-marketing partners, and up to eight insurance companies or their agents or partner companies" (FAC ¶ 34), it is just as plausible that some entity other than QuoteWizard, with a different phone number, made those calls — particularly given that Plaintiff has not alleged that any subsequent callers identified themselves as being associated with QuoteWizard. Even if Plaintiff had alleged that one or more of the phone numbers with a 630 area code belonged to QuoteWizard, that is not dispositive because of how easily and frequently phone numbers become portable in the modern era — particularly given that Plaintiff has not alleged either of the area codes was for a landline. *See Cantu v. Platinum Mktg. Grp., LLC,* 2015 U.S. Dist. LEXIS 90824, *9-*10 (S.D. Tex. July 13, 2015) (holding that an area code is not a sufficient basis for finding minimum contacts because people increasingly keep their phone numbers "as they move from state to state, untethering the number's area code from its owner's state of residence"); *Sojka v. Loyalty Media LLC*, 2015 WL 2444506, *3 (N.D. Ill. May 20, 2015) ("[A] cell phone prefix, unlike a landline, is not dispositive of the residence, domicile or location of the cell phone owner.").

6

With the calls being inadequate to establish personal jurisdiction, the only conceivable basis for exercising personal jurisdiction over QuoteWizard would be its Web site. But both the Seventh Circuit and the U.S. Northern District of Illinois have held that merely marketing to Illinois residents on a Web site is inadequate to establish personal jurisdiction. *See, e.g., Advanced Tactical*, 751 F.3d at 803; *Afi Holdings of Ill., Inc. v. NBC*, 239 F. Supp. 3d 1097, 1108 (N.D. Ill. Mar. 9, 2017); *Bittman v. Fox*, 2016 WL 2851566, *7 (N.D. Ill. May 16, 2016); *Gullen*, 2016 WL 245910 at *2; *Dobrowolski,* 2017 WL 3720170 at *4. This Court should do the same.

QuoteWizard is not alleged to — and in fact does not — make its Web site available to only Illinois residents, and Plaintiff has not alleged that QuoteWizard specifically targets, or directs contacts at, the state of Illinois in a way that justifies the exercise of personal jurisdiction over QuoteWizard in Illinois. *See also Bittman*, 2016 WL 2851566, *8 (finding no *prima facie* showing of personal jurisdiction even though the defendant republished and commented on a video concerning an Illinois resident by an Illinois library because watchdog Web site was accessible to anyone, anywhere); *Afi Holdings*, 239 F. Supp. 3d 1097 at 1106 ("[Plaintiff] does not allege that [defendant's] website is anything other than uniform nationwide. Nowhere does [plaintiff] suggest that the website experience becomes locally focused or otherwise varies when the person accessing it is from Illinois. In such circumstances, courts have found that the websites at issue were not targeted at the forum states."); *Dobrowolski,* 2017 WL 3720170 at *5 ("[T]here is no allegation that [Defendant] knew it was reaching into Illinois when it allowed [Plaintiff's] name to be used in its ads. Her argument for specific jurisdiction is tied entirely to her connection to the forum state, which is an inappropriate basis for specific jurisdiction.").

Even if Plaintiff had adequately pled sufficient contacts between QuoteWizard and the state of Illinois, Plaintiff has not made any allegations suggesting that QuoteWizard had "fair warning" that it could be subject to personal jurisdiction in Illinois. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Supreme Court has outlined five nonexclusive factors that should be considered in evaluating the fairness of exercising personal jurisdiction: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering social policies. *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987). Application of these factors to the allegations in the FAC shows it would be unreasonable to exercise personal jurisdiction over QuoteWizard. Plaintiff has not pled any facts to suggest that his interest in obtaining relief greatly outweighs the significant burden that would be imposed on an out-of-state company with no contacts in the state of Illinois by litigating this case here. Similarly, Plaintiff has not alleged any special interest that the state of Illinois has in this matter. Rather, the interests of judicial economy and the shared interests of the states would be best served by handling any litigation against QuoteWizard in its home state, where there would be more ready access to evidentiary material and greater oversight by state officials, if appropriate.

This case therefore should be dismissed because Plaintiff has failed to plead a *prima facie* case for personal jurisdiction. There are inadequate allegations to find that QuoteWizard has sufficient contacts with the state of Illinois, but even if such contacts existed, exercising personal jurisdiction over QuoteWizard would undermine fair play and substantial justice.

**B.    This matter should be dismissed for failure to plead a viable cause of action.**

Even if Plaintiff had adequately pled personal jurisdiction (which he has not), the FAC should be dismissed for failure to plead an ATDS claim under the TCPA. When a defendant

8

makes a facial motion to dismiss, the court, while construing the allegations in the light most favorable to the plaintiff, should not accept conclusory allegations and should assess whether the complaint plausibly suggests that the plaintiff has a right to relief, raising the possibility above a speculative level. *See, e.g., E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, the complaint must contain factual matter that, if true, allows the court to draw a reasonable inference that the defendant is liable for the conduct alleged. *See, e.g., Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Just as Plaintiff has failed to plead personal jurisdiction, he has failed to plead a plausible claim against QuoteWizard, thus the FAC is also subject to dismissal under Rule 12(b)(6). To state a claim against QuoteWizard under the autodialer provision of the TCPA, Plaintiff must allege that QuoteWizard called him using an ATDS. *See* 47 U.S.C. § 227. But Plaintiff's allegations related to the calls allegedly made by QuoteWizard and QuoteWizard's alleged use of an ATDS fail under the plausibility standard of *Twombly* and *Iqbal*. *See, e.g.*, *Martin v. Direct Wines, Inc.*, 2015 WL 4148704, *2 (N.D. Ill. July 9, 2015) (Alonso, J.) ("To raise a right to relief above the speculative level on a TCPA claim, a plaintiff can include facts such as a description of a 'robotic sound of the voice on the other line,' a lack of human response when he attempted to have a conversation with the caller, having heard a distinctive 'click and pause' after having answered the call, or anything else about the circumstances of the call that led him to believe that it was made with an ATDS.") (internal citation omitted).[2]

---

[2]*See also Douek v. Bank of Am. Corp.*, 2017 WL 4882492, *7 (D.N.J. Oct. 30, 2017) (dismissing TCPA case for failure to adequately plead ATDS claim); *Trenk v. Bank of Am.,* 2017 WL 4170351, *2 (D.N.J. Sept. 30, 2017) (same); *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp.

Plaintiff has attempted to address the problems with the original Complaint in this regard by adding a single paragraph that states:

> Plaintiff believes the phone calls were placed using an autodialer because, upon answering the first call, there was a pause before Plaintiff was connected with the QuoteWizard representative. Plaintiff also believes an autodialer was used because he received a phone call immediately after he clicked the "Find Discounts & Check Rates" button as if clicking that button triggered the phone call. Plaintiff further believes QuoteWizard used an autodialer to place the aforementioned phone calls because he received so many phone calls in such a short period of time that the only logical conclusion is that they were placed with an autodialer. Finally, Plaintiff believes an autodialer was used because when a person calls back the (888) phone number identified in Paragraph 44 of this Complaint, a prerecorded message is played back.

(FAC ¶ 45). Otherwise, the FAC merely alleges (as it did before) that Plaintiff is "a person who received a non-emergency telephone call via an automatic telephone dialing system," (FAC ¶ 66), and that "[s]hortly after these consumers enter their cell phone numbers on Defendant's website, Defendant bombards these consumers with telemarketing calls using an automatic telephone dialing system." (FAC ¶ 3). These purely speculative allegations are inadequate to plead an ATDS claim.

The recent decision in *Douek* is instructive. There, the court reviewed an amended complaint after previously dismissing the plaintiff's original complaint for failure to adequately plead an ATDS claim. *Douek*, 2017 WL 4882492 at *1. The court held that the mere addition of

---

2d 977, 985 (N.D. Ill. 2013) (dismissing TCPA case with prejudice because plaintiff had failed to plead how many calls he received, when calls were made, when he asked defendant to stop calling, or how he asked); *Bonnano v. New Penn Fin.*, 2017 U.S. Dist. LEXIS 118407, *14 (M.D. Fla. July 28, 2017) (dismissing complaint without prejudice for failure to plead TCPA claim with requisite specificity); *Ananthapadmanabhan v. BSI Fin. Servs.*, 2015 WL 8780579, *3-*4 (N.D. Ill. Dec. 15, 2015) (dismissing TCPA claim without prejudice for failure to plead ATDS and prerecorded message claims with requisite specificity); *Weisberg v. Stripe, Inc.*, 2016 WL 3971296, *5 (N.D. Cal. July 25, 2016) (dismissing TCPA claim for failure to adequately plead use of an ATDS); *Snyder v. Perry*, 2015 U.S. Dist. LEXIS 34499, *27-*29 (E.D.N.Y. Feb. 4, 2015) (magistrate recommending dismissal for failure to adequately plead use of an ATDS); *Abbas v. Selling Source, LLC*, 2009 WL 4884471, *2 (N.D. Ill. Dec. 14, 2009) (dismissing TCPA claim without prejudice for failure to plead with requisite specificity).

the allegation that there was not a live person on the line when the plaintiff picked up was not sufficient. *Id.* at *2. Moreover, the court noted the importance of specifying the number of calls and the time period in which the calls had occurred, as that would be "relevant to establish an inference that Defendant used an ATDS based on the frequency of the calls," but the plaintiff had failed to make such allegations. *Id.*; *see also Trenk,* 2017 WL 4170351 at *2.

Likewise, in this case, Plaintiff has done little on amendment to support his claims that an ATDS was used. As in *Douek*, the mere fact that there was a pause before Plaintiff was connected with the caller is not enough. Plaintiff also alleges in conclusory fashion that he "received so many phone calls in such a short period of time," but like the plaintiff in *Douek*, he fails to allege how many or the timing of the calls, so that an assessment of the frequency of calls can be made. Plaintiff's other two allegations — that he received a call immediately after "Find Discounts & Check Rates" button and the fact that the 888 number plays a recorded voice when called — are unavailing. The immediate call to Plaintiff after he clicked the Web site button was merely a ***direct response to his request to be called***. That is, on its face, inadequate to establish an ATDS claim. *See Ibey v. Taco Bell Corp.*, 2012 WL 2401972, *3 (S.D. Cal. June 18, 2012) (finding that the plaintiff had not adequately alleged the use of an ATDS when the plaintiff alleged that the text message call at issue "did not appear to be random but in direct response to Plaintiff's message"); *Duguid v. Facebook, Inc.*, 2016 WL 1169365, *5 (N.D. Cal. March 24, 2016) (holding that the content and context of the text message calls at issue weighed against the inference that an ATDS was used, when the messages were sent in direct response to a request). As for the recording on the 888 number, the fact that a phone number is answered with a recorded message on ***inbound*** calls has absolutely no bearing on whether an ATDS is used for ***outbound*** calls.

11

Accordingly, the FAC should be dismissed under Rule 12(b)(6) for failure to state a claim if it is not dismissed for failure to plead personal jurisdiction.

### C. This matter should be dismissed for failure to plead injury in fact.

Even if the FAC did adequately state a claim (which it doesn't), it should be dismissed pursuant to Rule 12(b)(1) because Plaintiff has not pled an injury in fact to establish subject matter jurisdiction. In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), the Supreme Court reaffirmed that, to have Article III standing, a plaintiff must have "(1) suffered injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision." *Id.* at 1547 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 61 (1992)). To establish an injury in fact, a plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560)). The Supreme Court ultimately determined, in assessing a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681e ("FCRA"), that the plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm." *Id.* at 1550.

In the context of the TCPA, courts have recognized that Article III is not necessarily created by a technical violation of the TCPA. In *Romero v. Dep't Stores Nat'l Bank*, the Court analyzed Article III standing related to an ATDS claim and found that:

> Although a defendant violates the TCPA by dialing a cell phone with an ATDS, it is possible that the recipient's phone was not turned on or did not ring, that the recipient did not hear the phone ring, or the recipient for whatever reason was unaware that the call occurred. Indeed, some or all of these circumstances occurred here as the number of calls for which Plaintiff seeks damages at trial exceeds the number of calls alleged in the complaint, and in any event only two of the alleged TCPA violations involved calls that Plaintiff answered. A plaintiff cannot have suffered an injury in fact as a result of a phone call she did know was made. Moreover, even for the calls Plaintiff heard ring or actually answered,

> Plaintiff does not offer any evidence of a concrete injury caused by the use of an ATDS, as opposed to a manually dialed call.

199 F. Supp. 3d 1256, 1262 (S.D. Cal. 2016).

Here, Plaintiff has failed to allege any facts to plausibly suggest that the phone calls he allegedly received caused him to suffer "an invasion of a legally protected interest" that is "concrete and particularized." In fact, based on the allegations in the FAC, it appears Plaintiff suffered no injury at all, but rather received the exact services he asked for when he visited the QuoteWizard Web site. According to the FAC, Plaintiff went to the Web site in hopes of finding auto insurance quotes, he provided his information and clicked a submission button directly above text indicating that he would receive telephone calls, and then he received calls related to the provision of auto insurance quotes. (FAC, ¶¶ 34, 42-44). Thus, far from being injured, Plaintiff received the phone calls that he had requested. Even if Plaintiff could plead sufficient allegations to suggest that the phone calls at issue were made in the violation of the TCPA's procedural requirements — as set forth above, he cannot — Plaintiff cannot establish that he suffered a concrete and particularized injury. He therefore lacks Article III standing and the FAC should be dismissed for lack of subject matter jurisdiction. *See, e.g., Smith v. Aitima Med. Equip., Inc.,* 2016 WL 4618780, *4 (C.D. Cal. July 29, 2016) (dismissing TCPA claim for lack of subject matter jurisdiction where plaintiff failed to plead injury in fact); *Romero*, 199 F. Supp. 3d at 1262 (same); *Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, 2016 WL 6143075, *3 (W.D. La. Oct. 19, 2016) (same); *Supply Pro Sorbents, LLC v. RingCentral, Inc.*, 2016 WL 5870111, *5 (N.D. Cal. Oct. 7, 2016) (same); *Sartin v. EKF Diagnostics, Inc.*, 2016 WL 3598297, *4 (E.D. La. July 5, 2016) (same).

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint under Rule 12(b)(2) for failure to plead personal jurisdiction or, alternatively, under Rule 12(b)(6) for failure to state a claim and/or under Rule 12(b)(1) for failure to plead injury in fact.

Respectfully submitted,

QUOTEWIZARD.COM, LLC

By: /s/ Blaine C. Kimrey
One of its attorneys

Blaine C. Kimrey
Bryan K. Clark
Madeline V. Tzall
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500

Dated: November 21, 2017

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 21, 2017, a copy of the foregoing was electronically filed in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

/s/ Blaine C. Kimrey